USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9-13-17

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MOHAMED A. METWALI, HUSSEIN MAHROUS NAYEL BASSAM, SAYEGH,

            Plaintiffs,

- against -

APV VALET PARKING CORP. d/b/a
APV VALET PARKING CORP.,
and ALBERT VUKUDEDAJ,

            Defendants.

**OPINION AND ORDER**
**16-CV-2440 (RLE)**

**RONALD L. ELLIS, United States Magistrate Judge:**

On April 1, 2016, Plaintiffs Mohamed A. Metwali, Hussein Zakaria H. Mahrous, and Nayel Bassam Sayegh initiated this action by filing a Complaint. (Doc. No. 1.) The Honorable Colleen McMahon referred this action to the undersigned for discovery disputes on October 12, 2016. (Doc. No.14.) On February 13, 2017, the Parties consented to the jurisdiction of the undersigned. (Doc. No. 29.)

On April 4, 2017, the Parties appeared before the Court for a settlement conference on April 4, 3017. The Parties informed the Court that they had reached a settlement-in-principle on July 16, 2017. (Doc. No. 40.) On July 24, 2017, counsel for Plaintiff filed a letter asking the Court to approve the Parties' settlement agreement along with the executed settlement agreement. (Doc. No. 41.) Because the document was flagged for a filing error, the Court contacted the Parties and directed them to properly re-file the settlement agreement. The re-filed settlement agreement without the signatures or letter in support was filed on July 27, 2017. (Doc. No. 42.)

For the reasons that follow, the Plaintiffs' request for approval of the settlement agreement is **DENIED.**

Courts in this District have rejected proposed settlement agreements that contain general, broad releases that include "unknown claims and claims that have no relationship whatsoever to wage-and-hour issues." *Lopez v. Nights of Cabiria*, 96 F. Supp. 3d 170, 181 (S.D.N.Y. 2015) (quoting *Moreno v. Regions Bank*, 729 F. Supp. 2d 1346, 1351 (M.D. Fla. 2010) ("[A]n employer is not entitled to use [a] FLSA claim ... to leverage a release from liability unconnected to the FLSA")); *see also*; *Lazaro-Garcia v. Sengupta Food Services*, No. 15 Civ. 4259 (RA), 2015 WL 9162701, at *2 (S.D.N.Y. Dec. 15, 2015) (quoting *Flood v. Carlson Restaurants Inc.*, No. 14 Civ. 2740 (AT) (GWG), 2015 WL 4111668, at *2 (S.D.N.Y. Jul. 6, 2015) ("These provisions are 'too sweeping to be 'fair and reasonable' and so must be rejected'")); *Flores-Mendieta v. Bitefood Ltd.*, 15-CV-4997 (AJN), 2016 WL 1626630, at *2 (S.D.N.Y. Apr. 21, 2016). The Second Circuit has upheld this basis for rejection because general releases "highlight[] the potential for abuse in such settlements, and underscores why judicial approval in the FLSA setting is necessary." *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 206 (2d Cir. 2015) (citing *Nights of Cabiria*, 96 F. Supp 3d. at 170)).

The settlement agreement submitted for review in the case contains such an impermissible overbroad general release. (Doc. No. 42 at 2, ¶4.) It requires Plaintiff to release Defendant from "any and all actions . . . known or unknown, Plaintiffs have or ever had . . . from the beginning of the world to the day of the date of this Agreement." *Id.* Such a release confers an "uncompensated, unevaluated and unfair benefits" on Defendant. *Nights of Cabiria*, 96 F. Supp. 3d at 181. The Court therefore rejects the proposed settlement.

In addition, this proposed settlement must be rejected for its confidentiality provision. Courts in this district have held that FLSA settlements may not be confidential. *Lopez v. Nights of Cabiria, LLC*, 96 F. Supp. 3d 170, 177 (S.D.N.Y. 2015). The Court takes specific issue with the provision that requires each party "to keep the terms of this Agreement confidential and that a failure to do so shall be considered a material breach of this Agreement." (Doc. No. 42 at 2, ¶ 6.) "Such clauses can be contrary to public policy because they prevent the spread of information about FLSA actions to other workers ... who can then use that information to vindicate their statutory rights." *Lopez v. Ploy Dee Inc.*, No. 15-CV-647 (AJN), 2016 WL 1626631, at *3 (S.D.N.Y. Apr. 21, 2016) (internal citations omitted). The Second Circuit has upheld rejection of confidentiality provisions in FLSA actions as contradicting the remedial purposes of the statute. *Cheeks v. Freeport Pancake House, Inc.*, 796 F. Supp. 199, 206 (2d Cir. 2015).

The Court also notes the recovery in this case represents about one-tenth of Plaintiffs' claimed damages. The submission by the Parties does not adequately address the strength of Defendants' position or their ability to pay.

The Parties may refile the settlement and letter, curing the defects described above, by **September 29, 2017**. Failure to do so will result in the Court setting pretrial deadlines for this action.

SO ORDERED this 13th day of September 2017.
New York, New York

*[signature]*

The Honorable Ronald L. Ellis
United States Magistrate Judge

3